**CHEMICAL WASTE MANAGEMENT, INC., Emelle Facility, Plaintiff-Appellee,**

v.

**Joe B. BROADWATER, et al., Defendants-Appellants.**

No. 84–7662.

United States Court of Appeals, Eleventh Circuit.

April 29, 1985.

David A. Ludder, Ala. Dept. of Environmental Management, Mark A. Peycke, Montgomery, Ala., for Broadwater & AL Dept. of Envir. Management.

Fournier J. Gale, III, Maynard, Cooper, Frierson & Gale, Birmingham, Ala., J. Brian Molloy, Wald, Harkrader & Ross, Mary F. Edgar, Washington, D.C., for plaintiff-appellee.

Before VANCE and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Chemical Waste Management, Inc., ("CWM") brought this action in federal district court against the Alabama Department of Environmental Management ("ADEM") and the department's Director, Joe B. Broadwater, seeking modification of a preliminary injunction previously entered by the district court against enforcement of

an ADEM order requiring CWM to remove large quantities of the toxic chemical, PCB, from a CWM storage facility located near Emelle, Alabama, in a manner allegedly inconsistent with directives issued by the federal Environmental Protection Agency ("EPA"). ADEM's response to the district court's injunction had been to revoke its original order, dated April 16, 1984, and issue on July 10, 1984, a second order which CWM contends also requires removal of the PCB waste in a manner contrary to EPA directives. As CWM requested, the district court modified its prior injunction so as to prohibit ADEM attempts to enforce the second order as well. ADEM then filed this appeal. Given the present posture of the case, we decline to reach the merits of the important legal issues presented[1] but must instead dismiss this appeal as moot.

As reflected in the briefs and acknowledged by counsel at oral argument, on December 19, 1984, while this appeal was pending, Alabama Attorney General Charles Graddick entered into a consent agreement with CWM and the EPA establishing a 12-month schedule for the disposal of 2.8 million gallons of PCB waste stored at the Emelle facility.[2] Attorney General Graddick signed the agreement as representative for the State of Alabama. The agreement on its face binds "all branches, agencies, [and] departments ... of the Government of the State of Alabama" to a "covenant not to initiate or maintain any civil claim or civil cause of action against CWM ... with respect to the Emelle facility based on facts or circumstances known by ... the State ... as of October 12, 1984." CONSENT AGREEMENT AND ORDER ¶¶ II(A)(2), XIV(A). ADEM Director Broadwater was apparently not invited and did not participate in the negotiations which culminated in the Attorney General's execution of the consent agreement.

ADEM argues before this Court that, under Alabama's enabling statutes, Attorney General Graddick's signature on the agreement does not bind the ADEM, and thus ADEM can maintain the present appeal. By statute, the ADEM has the "exclusive regulatory authority over all hazardous waste transporting, storage, treatment and disposal or other management practices in the state...." Ala.Code § 22–30–4(a) (1984). On the other hand, the Attorney General is by statute given the direction and control of "[a]ll litigation concerning the interest of the state, or any department thereof," Ala.Code § 36–15–21 (1977), and he "shall represent the [ADEM] in any and all legal actions" brought to enforce state environmental regulations, Ala.Code § 22–22A–5(12) (1984). The latter statute does provide for ADEM enforcement through legal proceedings if the Attorney General fails to file an action within a reasonable time after the ADEM refers a matter to him, and yet it also provides that "[n]othing in this subdivision shall be construed so as to impair the authority of the attorney general to independently enforce the provisions of this chapter." *Id.*

ADEM's continued prosecution of the present appeal reflects a serious and unresolved dispute between Attorney General Graddick and ADEM Director Broadwater as to their respective authority to regulate the disposal of hazardous wastes stored

---

**1.** The precise question on appeal is whether the district court abused its discretion by modifying the preliminary injunction to prohibit enforcement of the July 10 ADEM order. The underlying and more important issue is whether, under the "Supremacy Clause" of the United States Constitution and Section 18 of the federal Toxic Substances Control Act, 15 U.S.C.A. § 2617, EPA directives concerning PCB disposal preempt the authority of the State of Alabama to issue more restrictive disposal regulations. *See* 40 C.F.R. § 761.65(a) (1983) (EPA regulation requiring that PCBs stored after January 1983 be removed

and disposed of within one year from the date they were first placed into storage; this regulation is incorporated by reference and without change into the state regulations issued by ADEM). Our decision in no way intimates how these issues would or should be resolved when presented in the proper posture before an appropriate forum.

**2.** The scheduled period began on December 31, 1984, and will end exactly one year later. CONSENT AGREEMENT AND ORDER ¶ IV(A.1.).

within the State of Alabama. This dispute involves novel questions of construction of state enabling statutes and should not be resolved in this litigation. At least initially, its resolution should be by either the Alabama Legislature or an Alabama court. The consent agreement with CWM and the EPA facially precludes ADEM's prosecution of this appeal, and in this case we decline to look beyond this apparent effect. Accordingly, this appeal is DISMISSED as moot.